IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOHN S. LINKENAUGER, II,

        Plaintiff,

v.                                          CIVIL ACTION NO.   2:19-cv-00718

SOUTH CENTRAL REGIONAL JAIL AND
CORRECTIONAL FACILITY
AUTHORITY, et al.,

        Defendants.

**PROPOSED FINDINGS & RECOMMENDATION**

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 3.)   Before this Court are the Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) and the Complaint (ECF No. 2) filed by Plaintiff John S. Linkenauger, II ("Plaintiff").  For the reasons explained more fully herein, it is respectfully **RECOMMENDED** that the Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) be **DENIED** and that this action be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

*I.     BACKGROUND*

Plaintiff John S. Linkenauger, II ("Plaintiff") alleges that for twenty-two days in June 2019, he worked as a dishwasher and cook while he was incarcerated at South Central Regional Jail and Correctional Facility ("SCRJ") in Charleston, West Virginia.

(ECF No. 2 at 4.) He avers that he had not been paid for this work by the time he was released and tried unsuccessfully to request payment after his release. (*Id.* at 4–5.) Plaintiff further alleges that when he was again incarcerated and returned to the facility in September 2019, he "started sending inquiries" about payment for his earlier work, but Defendant Phil ("Phil"), a cook employed by Defendant Trinity ("Trinity"), the food-service provider at SCRJ, denied knowing him and stated that he had never worked there. (*Id.* at 5.) Plaintiff requests $7,500 for pain and suffering, lost wages, and "loss of contact with family & kids." (*Id.*) He also requests "correction of process." (*Id.*)

## II. LEGAL STANDARD

Where, as here, a plaintiff seeks to proceed *in forma pauperis*, this Court has a duty to "screen initial filings . . . to independently assess the merits of *in forma pauperis* complaints" and "exclude suits that have no arguable basis in law or fact." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951, 953–54 (4th Cir. 1995)); *see* 28 U.S.C. § 1915(e). This Court must "dismiss a complaint filed *in forma pauperis* 'at any time if [it] determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted.'" *Eriline Co.*, 440 F.3d at 656 (quoting 28 U.S.C. § 1915(e)).

This Court conducts a similar screening process when, as in this case, "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). This screening also requires this Court to dismiss a complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1).

When reviewing the complaint for failure to state a claim under either statute, this Court applies the same standards that it applies to review a motion to dismiss filed

pursuant to Federal Rule of Civil Procedure 12(b)(6). *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (citing *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003)); *De'Lonta v. Johnson*, 708 F.3d 520, 524 (4th Cir. 2013) (citing *Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005)). That is, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015)). This Court construes a *pro se* plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face." *Thomas*, 841 F.3d at 637 (internal quotation marks omitted).

### III. ANALYSIS

To the extent Plaintiff asserts a constitutional violation pursuant to 42 U.S.C. § 1983 for the alleged lack of payment for his work in the kitchen, his claims fail. "Compelling an inmate to work without pay does not violate the Constitution." *Loving*

3

*v. Johnson*, 455 F.3d 562, 563 (5th Cir. 2006) (per curiam) (citing *Murray v. Miss. Dep't of Corr.*, 911 F.2d 1167, 1167 (5th Cir. 1990) (per curiam)). More specifically, requiring an inmate to work without pay does not violate the Thirteenth Amendment's prohibition against involuntary servitude, *see Newell v. Davis*, 563 F.2d 123, 124 (4th Cir. 1977) (per curiam), nor does it provide an enforceable property right where, as in West Virginia, there is no state statute expressly providing that inmates shall be compensated for their work while incarcerated, *see Washlefske v. Wilson*, 234 F.3d 179, 184–85 (4th Cir. 2000). Put simply, the federal Constitution does not entitle Plaintiff to compensation for his work in the SCRJ kitchen.

Even if it did, and to the extent Plaintiff seeks to assert a violation of another federal constitutional right, two of the entities he has sued—Defendants South Central Regional Jail and Correctional Facility Authority and West Virginia Regional Jails—are agencies of the State of West Virginia and are not proper defendants to a § 1983 claim. Such claims can be brought only against "a person acting under color of state law," and "neither a State, including its agencies, nor its officials acting in their official capacities, are 'persons' under § 1983." *Sharp v. Vincens*, No. 2:18-cv-01057, 2018 WL 5020066, at *2 (S.D.W. Va. Sept. 21, 2018) (citing *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)), *adopted by* 2018 WL 5018472 (S.D.W. Va. Oct. 16, 2018).

Trinity, as a private entity that contracts with state penal institutions in West Virginia to provide food service, is considered a "person" in a § 1983 suit. *See West v. Atkins*, 487 U.S. 42, 54 (1988) (holding that "a physician employed by North Carolina to provide medical services to state prison inmates[] acted under color of state law for purposes of § 1983" when treating inmate). But "a private corporation is liable under

4

§ 1983 *only* when an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999) (emphasis in original).   Plaintiff has not alleged that any of Trinity's policies or customs contributed to his claimed injury, so he has not established a § 1983 claim against Trinity.

Plaintiff also seems to bring a state-law defamation claim against Phil, but this Court lacks subject matter jurisdiction over such a claim.   Even assuming that complete diversity exists between the parties, Plaintiff requests only $7,500 in damages, far below the $75,000 threshold necessary to invoke federal diversity jurisdiction.   *See* 28 U.S.C. § 1332(a).

## IV.   RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that the Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) be **DENIED** and that this action be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge.   Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Copies of any objections shall be provided to the opposing party or, if it is represented by counsel, to its counsel, and to Judge Copenhaver.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals.   28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and to transmit a copy to counsel of record.

ENTER:   September 24, 2021

Dwane L. Tinsley
United States Magistrate Judge